**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------

| | |
|---|---|
| TRANISE WEST, individually and on behalf of all others similarly situated, | :     **MEMORANDUM OF LAW** |
| | :     **IN SUPPORT OF** |
| | :     **MOTION TO DISMISS** |
| Plaintiff, | : |
| | : |
| - against – | : |
| | : |
| MOLSON COORS BEVERAGE | :     1:23-CV-07547 (BMC) |
| COMPANY USA, LLC, | : |
| | : |
| Defendant. | :     ORAL ARGUMENT REQUESTED |
| | : |

---------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOLSON COORS BEVERAGE COMPANY USA, LLC'S**
**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**
<u>**AND FAILURE TO STATE A CLAIM**</u>

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................... 1

BACKGROUND .............................................................................................. 2

    I.    Vizzy Mimosa Hard Seltzer.................................................................... 2

    II.   Plaintiff's Complaint............................................................................... 3

ARGUMENT .................................................................................................. 5

    I.    LEGAL STANDARD............................................................................ 5

    II.   PLAINTIFF LACKS ARTICLE III STANDING ................................ 6

    III.   PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER GBL §§ 349
        AND 350 ........................................................................................... 9

        A.    In Determining Whether A Statement Is Likely To Mislead A
              Reasonable Consumer, Context Is Crucial ...................................... 9

            1.    The Location Of Purchase Is Fatal To Plaintiff's Claim. ............ 11

            2.    The Term "Hard Seltzer" Is Fatal To Plaintiff's Claim.............. 13

            3.    The Cost Of Vizzy Mimosa Hard Seltzer Is Fatal To
                 Plaintiff's Claim..................................................................... 14

        B.    Vizzy Mimosa Hard Seltzer Is Not A Malt Beverage. ........... 16

        C.    The Label And Packaging Do Not Suggest That It Contains
              Champagne ................................................................................. 17

    IV.   PLAINTIFF HAS FAILED TO STATE CLAIMS FOR BREACH OF
        EXPRESS WARRANTY AND UNJUST ENRICHMENT ............................... 21

        A.    Plaintiff's Remaining Common Law Claims Fail Because They
              Are Predicated On The Same Flawed Theories Of Liability As Her
              Gbl Claims. ............................................................................... 21

        B.    Plaintiff's Express Warranty Claim Fails For Additional Reasons. ........ 22

            1.    Plaintiff Has Failed To Adequately Plead Her Express
                 Warranty Claim...................................................................... 22

            2.    Plaintiff Failed To Provide Required Pre-Suit Notice. ................ 23

        C.    Plaintiff's Unjust Enrichment Claim Fails Because It Is
              Duplicative. ............................................................................... 24

CONCLUSION................................................................................................ 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*All. For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*,
436 F.3d 82 (2d Cir. 2006 (quoting *Allen v. Wright*, 468 U.S. 737, 750
(2008))) ...................................................................................................................6

*Angeles v. Nestlé USA, Inc.*,
632 F. Supp. 3d 309 (S.D.N.Y. 2022) (SS) ...................................................19, 23

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......................................................................................5, 6

*Beers v. Mars Wrigley Confectionary, U.S. LLC.*,
2022 WL 493555 (S.D.N.Y. Feb. 17, 2022) (SS) .................................................12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......................................................................................1, 4

*Brown v. Kellogg Sales Co.*,
2022 WL 992627 (S.D.N.Y. Mar. 31, 2022) (SS) ...............................................18

*Brumfield v. Trader Joe's Co.*,
2018 WL 4168956 (S.D.N.Y. Aug. 30, 2018) .....................................................15

*Chufen Chen v. Dunkin' Brands, Inc.*,
954 F.3d 492 (2d Cir. 2020) ...............................................................................10

*Colpitts v. Blue Diamond Growers*,
527 F. Supp. 3d 562 (S.D.N.Y. 2021) ..................................................................7

*Corsello v. Verizon N.Y., Inc.*,
967 N.E. 1177 (N.Y. 2012) ................................................................................24

*Corsello v. Verizon N.Y., Inc.*,
967 N.E.2d 1177 (N.Y. 2012) .............................................................................24

*Daniel v. Mondelēz Intl., Inc.*,
287 F. Supp. 3d 177 (E.D.N.Y. 2018) ................................................................11

*Davis v. Pur Co. (USA), Inc.*,
2023 WL 3024407 (W.D.N.Y. Apr. 20, 2023) (SS)...................................10, 13, 14

*Devane v. L'Oréal USA, Inc.*,
2020 WL 5518484 (S.D.N.Y. Sept. 14, 2020) .....................................................19

i

*Dwyer v. Allbirds, Inc.*,
  598 F. Supp. 3d. 137 (S.D.N.Y. 2022) (SS) ...............................................................23

*Engram v. GSK Consumer Healthcare Holdings (US) Inc.*,
  2021 WL 4502439 (E.D.N.Y. Sept. 30, 2021) (SS) .................................................18

*Fink v. Time Warner Cable*,
  714 F.3d 739 (2d Cir. 2013)....................................................................9, 10, 11, 18

*Foster v. Whole Foods Mkt. Grp., Inc.*,
  2023 WL 1766167 (E.D.N.Y. Feb. 3, 2023)....................................................10, 18

*Garadi v. Mars Wrigley Confectionery US, LLC*,
  2021 WL 2843137 (E.D.N.Y. July 6, 2021) (SS) ...........................................13, 22

*Geffner v. Coca-Cola Co.*,
  928 F.3d 198 (2d Cir. 2019).................................................................2, 14, 21

*Gordon v. Target Corp.*,
  2022 WL 836773 (S.D.N.Y. Mar. 18, 2022) (SS) .....................................15, 23, 24

*Hardy v. Olé Mexican Foods, Inc.*,
  2023 WL 3577867 (2d Cir. May 22, 2023) ............................................................9

*Hawkins v. Coca-Cola Co.*,
  654 F. Supp. 3d 290 (S.D.N.Y. 2023) (SS) ...........................................................17

*Jessani v. Monini N. Am., Inc.*,
  744 Fed. Appx. 18 (2d Cir. 2018)..........................................................................19

*Johnson v. Gonzalez*,
  2007 WL 9719055 (E.D.N.Y. Mar. 29, 2007) .........................................................5

*Leonard v. Mondelēz Glob. LLC*,
  2023 WL 2403259 (S.D.N.Y. Mar. 8, 2023) (SS) .................................................13

*Mantikas v. Kellogg Co.*,
  910 F.3d 633 (2d Cir. 2018)..................................................................................18

*Moore v. Trader Joe's Co.*,
  4 F.4th 874 (9th Cir. 2021) ...................................................................................15

*Nelson v. MillerCoors, LLC*,
  246 F. Supp. 3d 666 (E.D.N.Y. 2017) ...................................................................24

*Nicosia v. Amazon.com, Inc.*,
  834 F.3d 220 (2d Cir. 2016)....................................................................................6

ii

*Ramirez v. Kraft Heinz Foods Co.*,
2023 WL 4788012 (S.D. Fla. July 27, 2023) (SS)..........................................................7, 8, 9

*Red v. Kraft Foods, Inc.*,
2012 WL 5504011 (C.D. Cal. Oct. 25, 2012).........................................................................12

*Reyes v. Upfield US Inc.*,
2023 WL 6276685 (S.D.N.Y. Sept. 26, 2023) (SS)...........................................................23, 25

*Rivas v. Hershey Co.*,
2020 WL 4287272 (E.D.N.Y. July 27, 2020) (SS).............................................................19, 20

*In re Santa Fe Natural Tobacco Co. Marketing & Sales Practices and Prod.*
*Liability Litig.*,
288 F. Supp. 3d 1087 (D.N.M. 2017) ..................................................................................12

*Sarr v. BEF Foods, Inc.*,
2020 WL 729883 (E.D.N.Y. Feb. 13, 2020) (SS) .................................................................18

*Sibrian v. Cento Fine Foods, Inc.*,
2020 WL 3618953 (E.D.N.Y. July 2, 2020) (SS)..................................................................10

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)................................................................................................................7

*Stadnick v. Vivint Solar, Inc.*,
861 F.3d 31 (2d Cir. 2017)......................................................................................................6

*Valiente v. Publix Super Markets, Inc.*,
2023 WL 3620538 (S.D. Fla. May 24, 2023) (SS)..........................................................7, 8, 9

*Van Orden v. Hikari Sales U.S.A., Inc.*,
2023 WL 5336813 (N.D.N.Y. Aug. 18, 2023) ....................................................................10

*Warren v. Coca Cola Co.*,
2023 WL 3055196 (S.D.N.Y. Apr. 21, 2023) (SS) ......................................................ᴘᴀssɪᴍ

*Warren v. Whole Foods Mkt. Grp., Inc.*,
574 F. Supp. 3d 102 (E.D.N.Y. 2021) (SS) ..........................................................................19

*Winston v. Hershey Co.*,
2020 WL 8025385 (E.D.N.Y. Oct. 26, 2020) (SS)......................................................ᴘᴀssɪᴍ

*Yates v. United States*,
574 U.S. 528 (2015)..............................................................................................................14

**Statutes**

27 C.F.R. Part 7.......................................................................................................................16

CHIACTIVE-18810924.1

27 C.F.R. §§ 7.63(a)(2) ....................................................................................5, 16

27 C.F.R. §§ 7.141(a), (b)(1)-(2), (b)(4) ...........................................................5, 16

New York Alcoholic Beverage Control Law §§ 54(4), 54-a(2), 63(4) .......................................11

New York U.C.C. Law § 2-313(1)(a) ...........................................................22

New York General Business Law §§ 349 and 350 ............................................ *passim*

## Other Authorities

Federal Rule of Civil Procedure 12 ........................................................1, 5

*Hard Seltzer*, Cambridge Dictionary,
    https://dictionary.cambridge.org/us/dictionary/english/hard-seltzer (last visited
    Dec. 12, 2023)...........................................................................2

*Hard Seltzer*, Wikipedia, https://en.wikipedia.org/wiki/Hard_seltzer (last visited
    Dec. 12, 2023).........................................................................2

TTB Public COLA Registry Search,
    https://ttbonline.gov/colasonline/publicSearchColasBasic.do ................................16

United States Constitution Article III .......................................................6, 7, 9

CHIACTIVE-18810924.1

## PRELIMINARY STATEMENT

Plaintiff—like in many similar cases brought by her counsel—fails to allege sufficient injury to get through the courthouse door. While historically barebones allegations of "price premium" and similar theories have sometimes been permitted through to the next stage, judges are now scrutinizing these threadbare allegations under the *Twombly* microscope, revealing nothing more than a Potemkin village. Here, the label clearly tells consumers that the product is a *Hard Seltzer*—not a cocktail. Vizzy Mimosa Hard Seltzer is priced comparably with other hard seltzers, including those within the Vizzy Hard Seltzer product lines. However, these hard seltzers are priced significantly lower than champagne or sparkling-wine based mimosa products. Without an allegation of actual injury—which Plaintiff could never plead—Rule 12(b)(1) warrants dismissal.

Even if a harm was pled, context is key. Consumers are not entitled to zero in on one word on a product's label or marketing to the exclusion of all other clarifying context, nor can they ignore information readily available to them. Here, Plaintiff alleges that the flavor-indicator "mimosa," along with the images and representations of oranges, made her believe that this hard seltzer beverage contains champagne. As a sister court recently held in a nearly identical context, the word "mimosa" modifies the type of beverage—hard seltzer. *Warren v. Coca Cola Co.*, 2023 WL 3055196, at *4 (S.D.N.Y. Apr. 21, 2023) (dismissing "Margarita Hard Seltzer" case where the context of "hard seltzer" next to the word margarita was fatal) (SS)[1]. The context of the product makes her belief wholly unreasonable, as: (1) there is a complete absence of the word "champagne" or "sparkling wine" anywhere on Vizzy Mimosa Hard Seltzer's label, packaging,

---

[1] Plaintiff's Counsel regularly brings deceptive labeling claims similar to the instant action, which are routinely dismissed, often with prejudice. Cases cited in this brief brought by Plaintiff's counsel include the designation "(SS)" for convenience.

1

ingredient list, or in its marketing materials; (2) one cannot purchase wine (let alone champagne) in the locations where Plaintiff alleges she purchased this product; and (3) Plaintiff does not, and cannot, allege the product is in fact a malt beverage, because it isn't.

Because Plaintiff's claims under New York's consumer protection statutes and related common law causes of action all turn on this unreasonable interpretation, Plaintiff has failed to state a claim for which this Court can grant relief. The Court should grant Molson Coors Beverage Company's ("Molson Coors") motion to dismiss the entire Complaint with prejudice.

## BACKGROUND

### I. Vizzy Mimosa Hard Seltzer

As Plaintiff acknowledges in her Complaint, hard seltzers have experienced a "boom" in popularity in recent years. Compl. ¶ 29. *See also, e.g.*, *Warren*, 2023 WL 3055196, at *4 (noting that the hard seltzer category of beverages has "'enjoyed skyrocketing popularity in the United States'" (quoting *Future Proof Brands, L.L.C. v. Molson Coors Beverage Co.*, 982 F.3d 280, 287 (5th Cir. 2020))). Courts in this Circuit have recognized that "[h]ard seltzer is a category of alcoholic beverages that contain carbonated water, alcohol, and – in most cases fruit flavors . . . ." *Id.* at *4 (internal quotation marks and citation omitted). This is consistent with both the common understanding and dictionary definitions of hard seltzers.[2]

Molson Coors's Vizzy Hard Seltzer line consists of alcoholic beverages which contain carbonated water and are available in an assortment of flavors, including a variety of mimosa-inspired flavors like pineapple orange, strawberry orange, pomegranate orange, and peach orange.

---

[2] *See, e.g.*, *Hard Seltzer*, Wikipedia, https://en.wikipedia.org/wiki/Hard_seltzer (last visited Dec. 12, 2023) (describing hard seltzer as a "drink containing seltzer (carbonated water), alcohol, and often fruit flavorings"); *Hard Seltzer*, Cambridge Dictionary, https://dictionary.cambridge.org/us/dictionary/english/hard-seltzer (last visited Dec. 12, 2023) (defining hard seltzer as "a drink consisting of carbonated water, alcohol, and flavoring"). On a motion to dismiss, this Court may consider these definitions. *Geffner v. Coca-Cola Co.*, 928 F.3d 198, 200 (2d Cir. 2019) (relying on dictionary definition to find product name was not misleading and affirming dismissal of deceptive labeling claim).

CHIACTIVE-18810924.1

Other Vizzy Hard Seltzer products include the Vizzy Lemonade Hard Seltzer, Vizzy Orange Cream Pop Hard Seltzer, Vizzy Refreshingly Berry Hard Seltzer and Vizzy Vibrantly Tropical Hard Seltzer. Declaration of Elizabeth Cramton ("Cramton Decl.) ¶ 7. Each Vizzy Hard Seltzer product is clearly labeled as a "hard seltzer," and the mimosa-inspired line prominently features the phrase "Mimosa Hard Seltzer" on its label, packaging, and marketing materials. *See* Compl. ¶¶ 1, 10. Because the mimosa-inspired line contains orange juice, images of oranges are also featured. *See id.* Vizzy's label also features a nutrition panel and ingredient list, which accurately lists its ingredients as including "sparkling water" and "alcohol." *See id.* ¶ 22. Notably, the nutrition panel and ingredient list do not state "malt" (or any variation thereof), "sparkling wine" or "champagne." *Id.* Indeed, the words "champagne," "sparkling wine" and "malt beverage" do not appear at all on any Vizzy Mimosa Hard Seltzer label or packaging, or in its marketing materials. *See id.* ¶¶ 1, 10.

The United States has established a three-tier system in place for the sale of alcoholic beverages. Therefore, Molson Coors does not sell Vizzy Hard Seltzer products directly to consumers and does not set the price of Vizzy Hard Seltzer products sold to consumers. Cramton Decl. ¶ 8.

## II. Plaintiff's Complaint

Plaintiff alleges that she purchased Vizzy Mimosa Hard Seltzer at an unspecified New York retail location, "such as grocery stores" sometime "between early 2022 and the present." *Id.* ¶ 56. She also asserts that she paid "approximately $17.99 for a 12 pack of 12 oz cans, [or] $3.49 for one 24 oz can," or more for Vizzy, and that had she known it did not contain champagne, she would have paid less. *Id.* ¶¶ 36, 63-65.[3]

---

[3] Plaintiff alleges she purchased Vizzy Mimosa Hard Seltzer an unspecified amount of times "at retail locations, such as grocery stores, convenience stores, bodegas, gas stations, big box sores and/or warehouse club stores" in New York.

CHIACTIVE-18810924.1

However, the average retail price for Vizzy Mimosa Hard Seltzer is comparable to the retail price of the other lines of Vizzy Hard Seltzer and of other hard seltzer products in New York:

| Brand | Weighted Average Base Price (2022) | Weighted Average Base Price (2023) |
|---|---|---|
| Vizzy Mimosa Hard Seltzer | $36.23 | $37.91 |
| Vizzy Lemonade Hard Seltzer | $35.36 | $38.05 |
| Vizzy Variety Pack 1 Hard Seltzer | $35.35 | $37.87 |
| Vizzy Variety Pack 2 Hard Seltzer | $35.44 | $37.37 |
| Bud Light Hard Seltzer | $39.94 | $35.50 |
| Truly Hard Seltzer | $37.63 | $39.61 |
| White Claw Hard Seltzer | $39.94 | $43.38 |
| Topo Chico Hard Seltzer | $36.64 | $38.59 |

Cramton Decl., ¶¶ 10-14.

On the other hand, other mimosa products that contain champagne or wine are typically priced much higher than the Vizzy Mimosa Hard Seltzer:

| Brand | Weighted Average Base Price (2022) | Weighted Average Base Price (2023) |
|---|---|---|
| Ohza Classic Mimosa | $66.43 | $68.56 |
| Ohza Assorted Mimosa | $59.61 | $58.49 |
| Ohza Cranberry Mimosa | $71.44 | $72.98 |
| Ohza Mango Mimosa | $74.14 | $57.71 |

Cramton Decl., ¶ 15. Other examples include Canpagne Peach Mimosa sold for $15.99 for a 4 pack of 12 fl. oz. cans and a single 12.6 fl. oz. can of Soleil Mimosa Classic is sold for $5.99. Cramton Decl. ¶¶ 16-17.

Despite Vizzy Mimosa Hard Seltzer's clear designation as a hard seltzer beverage, Plaintiff assumed that it would contain champagne because "the combination of champagne and orange juice *can* be sold in a canned, ready-to-drink [] format." *Id.* ¶¶ 18-19, 21 (emphasis added). Plaintiff further alleges that Vizzy's front label images of oranges and statement that it is "Made With Real Orange Juice" underscored her expectation. *Id.* ¶ 59. Finally, she alleges that she was misled

---

Compl. ¶ 56. Her boilerplate, factually bereft allegations do not suffice to state a claim upon which relief can be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." (cleaned up; internal quotation marks and citations omitted)).

CHIACTIVE-18810924.1

because under 27 C.F.R. §§ 7.63(a)(2); 7.141(a), (b)(1)-(2), and (b)(4), labels on malt-based beverages are required to feature certain disclosures. *Id.* ¶¶ 24-26, 31. However, nowhere does Plaintiff allege that Vizzy Mimosa Hard Seltzer is a malt beverage. *See generally,* Compl. Nor could she, as Vizzy Mimosa Hard Seltzer is not a malt-based alcoholic beverage. Cramton Decl. ¶ 6. Despite the fact that Vizzy Mimosa Hard Seltzer is not a malt beverage, its clear designation as a hard seltzer, the complete absence of the words "champagne," "sparkling wine" and "malt" from its label, packaging, and marketing materials, and its modest price point, Plaintiff alleges that she was misled to expect that Vizzy Mimosa Hard Seltzer would contain champagne. *See* Compl. ¶ 19.

On the basis of these allegations, Plaintiff asserts a claim under New York General Business Law ("GBL") §§ 349 and 350; and New York common law claims for breach of express warranty and unjust enrichment. Plaintiff also believes that she is not the only consumer to have disregarded all clarifying context, and thus purports to pursue her claims on behalf of a putative class of "persons in the State of New York who purchased the Product in New York during the statutes of limitations for each cause of action alleged." *Id.* ¶ 66.

## ARGUMENT

## I.    LEGAL STANDARD

"The standards for dismissal under Rules 12(b)(1) and 12(b)(6) are, for the most part, substantively identical." *Johnson v. Gonzalez*, 2007 WL 9719055, at *2 (E.D.N.Y. Mar. 29, 2007). The notable difference is that "the party invoking the jurisdiction of the court bears the burden of proof in a Rule 12(b)(1) motion." *Id.*

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

5

544, 570 (2007)). This plausibility standard requires plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While a court must accept a complaint's well-pleaded factual allegations as true at this stage, it must "giv[e] no effect to legal conclusions couched as factual allegations." *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017). Moreover, determining whether a complaint is facially plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ashcroft*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the case must be dismissed. *Id.*

Under these standards, Plaintiff's Complaint cannot survive dismissal, as she has not plausibly alleged this Court can exercise subject matter jurisdiction over the issues in this case, or that Vizzy Mimosa Hard Seltzer's label was misleading—a prerequisite for her each of her claims. As such, Plaintiff's Complaint should be dismissed.

## II.   PLAINTIFF LACKS ARTICLE III STANDING

Plaintiff's Complaint must be dismissed because Plaintiff failed to establish Article III standing. Article III of the United States Constitution "limits federal judicial power to the resolution of 'Cases' and 'Controversies,'" *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016), and is "'perhaps the most important of the case-or-controversy doctrines placing limits on federal judicial power." *All. For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 85 (2d Cir. 2006 (quoting *Allen v. Wright*, 468 U.S. 737, 750 (2008))). In order to satisfy this requirement, plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial

decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The first element requires that plaintiff "show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 339. Plaintiff here failed to do so.

While some courts defer this decision until later stages of litigation,[4] a recent trend exists among federal courts to dismiss cases similar to the instant action for lack of Article III standing. Both *Valiente v. Publix Super Markets, Inc.*, 2023 WL 3620538 (S.D. Fla. May 24, 2023) (SS) and *Ramirez v. Kraft Heinz Foods Co.*, 2023 WL 4788012 (S.D. Fla. July 27, 2023) (SS) are instructive. The plaintiffs in those cases, both represented by Plaintiff's counsel here, alleged theories of damages that mirror those presented here:(1) that the products were sold at a price premium due to the defendants' alleged misrepresentations and omissions, and (2) that they paid more for the products than they would have absent the alleged misrepresentations and omissions. *Valiente*, 2023 WL 3620538, at *2; *Ramirez*, 2023 WL 4788012, at *3. Both courts found these allegations insufficient to establish Article III standing. *Valiente*, 2023 WL 3620538, at *5; *Ramirez*, 2023 WL 4788012, at *4.

The court in *Valiente* held that the complaint's conclusory allegation that plaintiff "paid a price premium due to the purportedly misleading labeling" was insufficient to allege an injury-in-fact. *Valiente*, 2023 WL 3620538, at *3. The court noted that the complaint was "devoid of any factual support for the idea that [the product was], in fact, worth less than the stated price," and emphasized that the plaintiff had "fail[ed] to tie any aspect of the product's label to the supposedly 'premium price,'" and failed to "allege any facts by which one might measure the difference between the 'premium price' he claims to have paid and the [product's] fair market price." *Id.* at

---

[4] *See, e.g.*, *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562 (S.D.N.Y. 2021).

CHIACTIVE-18810924.1

*3, *5. The court further explained that Plaintiff was not deprived of the benefit of his bargain because he made no allegations that the product was "defective, did not work as advertised, or otherwise [was] so flawed as to render [it] worthless." *Id.* at *5. The court in *Ramirez* adopted *Valiente*'s reasoning, and explained that the plaintiff's conclusory premium price allegations, in combination with an absence of allegations that "she was unable to consume the product or that it was otherwise so flawed as to be rendered useless," or regarding the price she might have otherwise paid if the product was not marketed" as it was, doomed plaintiff's complaint. *Ramirez*, 2023 WL 4788012, at *4. Notably, both the *Valiente* and *Ramirez* courts also emphasized the significance of the fact that each plaintiff had continued to purchase the products at issue. *Valiente*, 2023 WL 3620538, at *5; *Ramirez*, 2023 WL 4788012, at *4.

Like in *Valiente* and *Ramirez*, Plaintiff here alleges only that "the Product is sold at a premium price . . . and higher than it would be sold for absent the misleading representations and omissions," that she "paid more for the Product than she would have had she known it did not contain champagne," that "[t]he Product was worth less than what Plaintiff paid, and she would not have paid as much absent Defendant's false and misleading statements and omissions." Compl. ¶¶ 36, 64-65. Plaintiff does not allege any facts to support her allegation that the product was worth less than the stated price, nor does she allege any facts by which the Court "might measure the difference between the 'premium price' [s]he claims to have paid and the [product's] fair market price." *Valiente*, 2023 WL 3620538, at *3. The average retail price of Vizzy Mimosa Hard Seltzer in New York is comparable to the average retail price of other Vizzy Hard Seltzers and other hard seltzer products in New York. Cramton Decl. ¶¶ 10-14. On the other hand, mimosa products that do contain wine are typically priced much higher than the Vizzy Mimosa Hard

8

Seltzer. Cramton Decl. ¶¶ 15-17. Plaintiff has not and cannot allege that she paid a 'premium price' for Vizzy Mimosa Hard Seltzer given its lower price.

The Complaint is also devoid of allegations that Vizzy Mimosa Hard Seltzer was flawed in any way that would render it useless. To the contrary, like the plaintiffs in *Valiente* and *Ramirez*, Plaintiff alleges that she purchased Vizzy Mimosa Hard Seltzer repeatedly. *See* Compl. ¶ 56 ("Plaintiff purchased the Product between early 2022 and the present, at retail *locations* . . . .") (emphasis added). Plaintiff's threadbare and conclusory allegations therefore fail to show an injury in fact sufficient to establish Article III standing and dismissal is warranted. *See Valiente*, 2023 WL 3620538, at *5 ("[Plaintiff]'s allegations as to why he has been deprived of the benefit of his bargain all boil down to his subjective, personal expectations of what the [product] purported to [be]. This is not enough to plausibly allege a concrete economic injury for purposes of Article III standing.").

## III.  PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER GBL §§ 349 AND 350

### A.  In Determining Whether A Statement Is Likely To Mislead A Reasonable Consumer, Context Is Crucial

GBL §§ 349 and 350 prohibit, respectively, "[d]eceptive acts or practices" and "[f]alse advertising in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law §§ 349, 350 (McKinney). In order to state a claim under either section, a plaintiff must plausibly allege that (1) the challenged conduct was consumer-oriented; (2) the challenged conduct was materially misleading; and (3) the plaintiff was injured as a result of the challenged conduct. *Hardy v. Olé Mexican Foods, Inc.*, 2023 WL 3577867, at *2 (2d Cir. May 22, 2023). In New York, the standard for determining whether challenged conduct is materially misleading is an objective one: whether the defendant's "allegedly deceptive [label] w[as] likely to mislead a reasonable consumer acting reasonably under the circumstances." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir.

CHIACTIVE-18810924.1

2013). This standard requires plaintiff to "do more than plausibly allege that a label might conceivably be misunderstood by some few consumers." *Sibrian v. Cento Fine Foods, Inc.*, 2020 WL 3618953, at *3 (E.D.N.Y. July 2, 2020) (SS) (quoting *Sarr v. BEF Foods, Inc.*, 2020 WL 729883, at *3 (E.D.N.Y. Feb. 13, 2020) (SS)). To survive dismissal, plaintiff "must plausibly allege that a significant portion of the general consuming public or of targeted customers, acting reasonably in the circumstances, could be misled." *Id.*

"[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial." *Fink*, 714 F.3d at 742. In making this determination, "[c]ourts view each allegedly misleading statement in light of its context on the product label or advertisement as a whole." *Foster v. Whole Foods Mkt. Grp., Inc.*, 2023 WL 1766167, at *2 (E.D.N.Y. Feb. 3, 2023) (internal quotation marks and citation omitted); *Davis v. Pur Co. (USA), Inc.*, 2023 WL 3024407, at *2 (W.D.N.Y. Apr. 20, 2023) (SS) ("Determining whether a product label is misleading is an objective test which considers the entire label in context . . . ."). In considering context, courts may also consider the setting in which consumers come across the product. *See, e.g.*, *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 501 (2d Cir. 2020) (affirming dismissal of GBL §§ 349 and 350 claims that "Angus Steak" indicated products would contain a slice of meat and not a ground beef patty, because consumers encountered the products in the context of "grab-and-go products that can be consumed in hand," from Dunkin Donuts); *Van Orden v. Hikari Sales U.S.A., Inc.*, 2023 WL 5336813, at *3 (N.D.N.Y. Aug. 18, 2023) ("Courts examining misleading product claims often rely on common sense observations and judicial experience.").

Plaintiff's claims all hinge on the allegation that Vizzy Mimosa Hard Seltzer's labeling is materially misleading because when she purchased it, she expected to receive a beverage

containing champagne. *See, e.g.*, Compl. ¶¶ 19, 59, 62. She makes this claim by zeroing in on the word "mimosa," to the exclusion of all other relevant context (including the words "Hard Seltzer" that immediately follow), and goes to great lengths in the Complaint to avoid the simple fact that nothing on the product's label or packaging, other than the single word "mimosa," would suggest that it contains champagne. *See id.* ¶¶ 3-9 (expounding on Napoleon Bonaparte and brunch staples). However, "[a] plaintiff who alleges that he was deceived by an advertisement may not misquote or misleadingly excerpt the language of the [label or packaging] in his pleadings and expect his action to survive a motion to dismiss or, indeed, to escape admonishment." *Fink*, 714 F.3d at 742. Plaintiff's claims fail because no reasonable consumer, acting reasonably under the circumstances, would interpret Vizzy's label in the way Plaintiff did. *See Daniel v. Mondelēz Intl., Inc.*, 287 F. Supp. 3d 177, 193 (E.D.N.Y. 2018) ("A reasonable consumer does not lack common sense.").

It is well settled that a court may determine this question as a matter of law. *See, e.g.*, *Fink*, 714 F.3d at 741 ("It is well settled that a court may determine as a matter of law that an allegedly deceptive [practice] would not have misled a reasonable consumer."); *Winston v. Hershey Co.*, 2020 WL 8025385, at *3 (E.D.N.Y. Oct. 26, 2020) (SS) ("[W]here the totality of the circumstances make it appropriate, a court may decide this question as a matter of law.").

### 1. The Location Of Purchase Is Fatal To Plaintiff's Claim.

New York law forbids certain retail locations from selling products containing wine, including champagne. N.Y. Alcoholic Beverage Control Law §§ 54(4), 54-a(2), 63(4). This includes a prohibition on selling champagne and wine at grocery stores or convenience stores. *Id.* Thus, mimosa products that do contain wine are not available for purchase in the same locations as Vizzy Mimosa Hard Selzter. And while it may be a stretch to assume consumers' familiarity with the details of New York's Alcoholic Beverage Control Law, consumers do not need such

11

familiarity to know that they cannot buy champagne (or wine) in a grocery store in New York; they just need to have shopped for alcohol in New York in the past.

Courts can and do routinely assume this kind of consumer background knowledge at the motion-to-dismiss stage. *See, e.g.*, *Warren*, 2023 WL 3055196, at *5 ("Had [Plaintiff] lived in New York for any length of time, she would know that cocktails containing hard liquor are not and cannot be sold in grocery stores. . . . Further, cursory observation of the other items on sale in the beverage section of the ShopRite supermarket where she purchased [Topo Chico Margarita Hard Seltzer] would have revealed soft drinks, beer, and hard ciders/lemonades/seltzers, but no hard liquor, *cocktails, or wine*." (emphasis added)); *Beers v. Mars Wrigley Confectionary, U.S. LLC.*, 2022 WL 493555, at *4 (S.D.N.Y. Feb. 17, 2022) (SS) (a "reasonable consumer would know that chocolate must be mixed with some significant amount of fat or oil to create a coating that would solidify around an ice cream bar") (citation omitted). *See also In re Santa Fe Natural Tobacco Co. Marketing & Sales Practices and Prod. Liability Litig.*, 288 F. Supp. 3d 1087, 1236 (D.N.M. 2017) (explaining that "[a] reasonable consumer comes to the market with a degree of background knowledge," including that "tobacco undergoes engineering processes before it is sold in cigarettes"); *Red v. Kraft Foods, Inc.*, 2012 WL 5504011 at *3 (C.D. Cal. Oct. 25, 2012) ("[A] reasonable consumer will be familiar with the fact of life that a cracker is not composed of primarily fresh vegetables.").

No reasonable consumer in New York would expect to purchase champagne or wine from a grocery store or similar retail location. Thus, Plaintiff's allegation that she purchased Vizzy Mimosa Hard Seltzer at "retail locations, such as grocery stores, convenience stores, bodegas, gas stations, big box stores, drug stores and/or warehouse club stores" in New York dooms her claim. Compl. ¶ 56.

CHIACTIVE-18810924.1

## 2. The Term "Hard Seltzer" Is Fatal To Plaintiff's Claim.

When confronted with deceptive labeling cases similar to the instant action, courts in this circuit consistently "distinguish 'flavors' from 'ingredients' in food and beverage products." *Leonard v. Mondelēz Glob. LLC*, 2023 WL 2403259, at *3 n.2 (S.D.N.Y. Mar. 8, 2023) (SS) (granting motion to dismiss with prejudice and finding the word "'fudge' [to] refer[] to the Product's chocolate flavor, not its ingredients"). *See also, e.g.*, *Garadi v. Mars Wrigley Confectionery US, LLC*, 2021 WL 2843137, at *3 (E.D.N.Y. July 6, 2021) (SS) (granting motion to dismiss and finding the phrase "vanilla ice cream" not to be materially misleading because the "label d[id] not make any claims about where or in what quantity the vanilla taste comes from," and "simply alert[ed] a consumer faced with different flavors that this ice cream tastes like vanilla"); *Warren*, 2023 WL 3055196, at *10 (granting motion for judgment on the pleadings and denying leave to amend, and finding that the word "margarita" in the phrase "Margarita Hard Seltzer" referred to the product's flavor, not its ingredients); *Davis*, 2023 WL 3024407, at *3 (granting motion to dismiss with prejudice and finding the word "peppermint" to refer to the Product's flavor, not its ingredients).

*Warren v. Coca Cola Co.*, an analogous case filed by Plaintiff's counsel in the Southern District of New York, is instructive. Like Plaintiff here, the plaintiff in *Warren* alleged that she purchased Topo Chico Margarita Hard Seltzer expecting it to contain tequila, and asserted the three causes of action asserted by Plaintiff. *Warren*, 2023 WL 3055196, at *2.[5] The court granted defendant's motion for judgment on the pleadings in its entirety and without leave to amend. *Id.* at *11. The court emphasized that, as Plaintiff here admits, hard seltzer is a well-established

---

[5] The plaintiff in *Warren* also asserted claims for violation of other states' "State Consumer Fraud Acts," breach of the implied warranty of merchantability, and violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq. Id.*

CHIACTIVE-18810924.1

product category "which reasonable consumers would recognize as a product distinct from cocktails like margaritas." *Id.* at *4; Compl. ¶ 29 (acknowledging the "hard seltzer boom"). Notably, the court determined that "[t]he Product's label d[id] not use the word 'Margarita' in a vacuum, and instead state[d] that the Product is a 'Margarita Hard Seltzer.' ***The context provided by the term 'Hard Seltzer' is critical and fatal to Plaintiff's claim***." *Warren*, 2023 WL 3055196, at *4 (emphasis added). *See also Geffner*, 928 F.3d at 200 (affirming dismissal of deceptive labeling claim where, in context, a modifying adjective on product's packaging carried a "clear meaning").

Similarly, here, this context dooms Plaintiff's claims. As Plaintiff acknowledges in her Complaint, Vizzy Mimosa Hard Seltzer is labeled "Mimosa Hard Seltzer." Compl. ¶ 1. This name is clearly displayed on Vizzy's label and packaging, which features the three words next to each other, on the same line and in the same size and typeface. *See id.* This context would make clear to any reasonable consumer acting reasonably under the circumstances that the word "mimosa" modifies the phrase "hard seltzer" to indicate the flavor of hard seltzer, and not its ingredients. *See Yates v. United States*, 574 U.S. 528, 537 (2015) ("[T]he same words, placed in different contexts, sometimes mean different things."); *Davis*, 2023 WL 3024407, at *3 ("'[N]o reasonable consumer would understand the representations on [a] Product's label to mean' that an advertised flavor represents a product's . . . ingredient[s]."). This reason alone is sufficient for this Court to dismiss Plaintiff's GBL §§ 349 and 350 claim.

### 3. The Cost of Vizzy Mimosa Hard Seltzer Is Fatal to Plaintiff's Claim.

Plaintiff describes champagne as a "high[] quality ingredient," for which she would expect to pay "a premium price." Compl. ¶¶ 36, 84. Simultaneously, she alleges that it retails for approximately "$17.99 for a 12 pack of 12 oz cans," or $1.50 per can. *Id.* ¶ 36. In addition to the

14

clear labeling, Vizzy Mimosa Hard Seltzer's modest price point should have signaled to Plaintiff, as it would to any reasonable consumer, that the product does not contain champagne. *Supra*, p. 4 (discussing the modest pricing of Vizzy Mimosa Hard Seltzer as compared to mimosa products that do contain wine); See*, e.g.*, *Moore v. Trader Joe's Co*., 4 F.4th 874, 884 (9th Cir. 2021) (affirming dismissal of deceptive labeling claim and noting that "the inexpensive cost of [the product] would signal to a reasonable consumer" that it did not exclusively contain an expensive ingredient); *Warren*, 2023 WL 3055196, at *5 ("[Plaintiff was] plainly familiar with a margarita cocktail, and surely knew that nobody sells a margarita for $1.50."); *Brumfield v. Trader Joe's Co.*, 2018 WL 4168956 at *2 (S.D.N.Y. Aug. 30, 2018) ("No reasonable consumer would expect the $4.99 bottle of olive oil at Trader Joe's to contain actual truffles.").

Ultimately, "common sense dictates that a necessary prerequisite to viewing each allegedly misleading statement in light of its context . . . is the existence of a misleading statement." *Gordon v. Target Corp.*, 2022 WL 836773, at *11 (S.D.N.Y. Mar. 18, 2022) (SS) (internal quotation marks and citation omitted). Together, the Vizzy Mimosa Hard Seltzer's clear labeling as a hard seltzer, the complete absence of the word "champagne" from the label, and the product's modest price point would indicate to a reasonable consumer "that they were purchasing a hard seltzer made to taste like a [mimosa] and not a ready-to-drink [mimosa]." *Warren*, 2023 WL 3055196, at *4. Because Plaintiff has not alleged that a reasonable consumer would be misled by the product's labeling or packaging, her GBL claim fails and should be dismissed.[6]

---

[6] Plaintiff also throws in a comment about the use of Stevia and it not being a natural sweetener, Compl. ¶¶ 31–35. Yet, she does not allege that she was misled in anyway by the inclusion of stevia in the ingredient list, nor that she suffered any damages related to the inclusion of stevia, regardless of its status as a natural or artificial sweetener. As such, the fact that stevia is included in the ingredient list has no bearing on Plaintiff's claims.

CHIACTIVE-18810924.1

### B. Vizzy Mimosa Hard Seltzer Is Not A Malt Beverage.

Plaintiff further alleges that under 27 C.F.R. §§ 7.63(a)(2); 7.141(a), (b)(1)-(2), and (b)(4) respectively, Vizzy's labeling as a "Mimosa Hard Seltzer" is misleading because (1) it "does not tell purchasers they are buying a malt beverage"; (2) it "is not the name of the product as known to the trade"; (3) "to the extent [it] can be described as a malt beverage specialty product . . . it lacks a statement of composition"; and (4) "the statement of composition . . . fails to disclose the addition of the artificial sweetener of stevia." Compl. ¶¶ 24–26, 31. All of these provisions fall under 27 CFR Part 7, which applies only to the labeling and advertising of malt beverages.[7] However, none of these claims can serve as a basis for her deceptive labeling claim because Plaintiff does not allege that Vizzy Mimosa Hard Seltzer is a malt beverage. *See generally*, Compl. Nor can Plaintiff amend to allege so, because Vizzy Mimosa Hard Seltzer is <u>not</u> a malt beverage. Cramton Decl. ¶ 6. Given Plaintiff and/or her counsel's apparent familiarity with the Alcohol and Tobacco Tax and Trade Bureau ("TTB") regulations cited throughout her Complaint, a malt beverage manufacturer must obtain from the TTB a Certificate of Label Approval ("COLA") before it can be sold to consumers. The COLAs are publicly available online,[8] and a reasonable investigation would have informed Plaintiff and her counsel that Vizzy Mimosa Hard Seltzer is not a malt beverage prior to the filing of the Complaint. As such, the sections of the TTB regulations cited in Plaintiff's Complaint do not apply to Vizzy Mimosa Hard Seltzer and must be dismissed.

Moreover, even if Vizzy's labeling could be considered a violation of 27 C.F.R. §§ 7.63(a)(2); 7.141(a), (b)(1)-(2), and (b)(4), (which it cannot for the reasons stated above),

---

[7] "This part sets forth requirements that *apply to the labeling and packaging of malt beverages* in containers, including requirements for label approval and rules regarding mandatory, regulated, and prohibited labeling statements. This part also sets forth requirements *that apply to the advertising of malt beverages*." 27 CFR 7.0 (emphasis added).
[8] *See* TTB Public COLA Registry Search, https://ttbonline.gov/colasonline/publicSearchColasBasic.do.

CHIACTIVE-18810924.1

Plaintiff's GBL claim still fails because there is no private right of action for violations of these sections. "In the Second Circuit, 'a GBL claim is viable where the plaintiff 'make[s] a free-standing claim of deceptiveness under [the GBL] that happens to overlap with a possible claim' under another statute that is not independently actionable." *Hawkins v. Coca-Cola Co.*, 654 F. Supp. 3d 290, 306 (S.D.N.Y. 2023) (SS) (citation omitted). However, a GBL claim "fails where the violation of the other statute by conduct that is not inherently deceptive is claimed to constitute a deceptive practice that serves as the basis for the GBL [] claim." *Id.* As such, Plaintiff's GBL claim fails for this additional reason.

### C.     The Label And Packaging Do Not Suggest That It Contains Champagne

Vizzy Mimosa Hard Seltzer's label identifying it as a "Mimosa Hard Seltzer" is, on its own, enough to dispel any reasonable expectation that it contains champagne. But even a cursory inspection of the rest of the product's label would have made clear to Plaintiff, and any reasonable consumer acting reasonably under the circumstances, that it does not contain champagne. Plaintiff alleges that she "read and relied on the front label statements of 'Mimosa Hard Seltzer,' 'Made With Real Orange Juice' and/or the pictures of oranges to expect the Product contained champagne." Compl. ¶ 59. However,

> Plaintiff is not "entitled to take a fleeting glimpse at the front of a product label, home in on the one word that confirms h[er] hopes about the product and ignore the other words, and then sue to recover the purchase price when [s]he eventually learns that the product is what the label, read in its entirety, says it is."

*Warren*, 2023 WL 3055196, at *6 (citation omitted).

As established above, the front label here unambiguously discloses that the Product does not contain champagne because "Mimosa Hard Seltzer" is not a misleading phrase. *See supra* Section II.A.2. But even if the front label was arguably ambiguous, courts in this Circuit have consistently recognized as a matter of law, that clarifying information on the rest of the label—

including the ingredient list—can dispel any ambiguity. *See, e.g.*, *Fink*, 714 F.3d at 742 ("[T]he presence of a disclaimer or similar clarifying language may defeat a claim of deception."); *Sarr*, 2020 WL 729883, at *4 ("[I]f a plaintiff alleges that an element of a product's label is misleading, but another portion of the label would dispel the confusion, the court should ask whether the misleading statement is ambiguous. If so, the clarification can defeat the claim." (citation omitted)); *Brown v. Kellogg Sales Co.*, 2022 WL 992627, at *6 (S.D.N.Y. Mar. 31, 2022) (SS) ("[A] manufacturer may clarify an ambiguous interpretation of a label based on disclaimers and disclosures on the side or back of product packaging" and "the reasonable consumer would overcome any confusion by referring to the unambiguous ingredient list on the packaging.").[9]

Had Plaintiff inspected the rest of the Vizzy Mimosa Hard Seltzer's label, she would have noticed the conspicuous absence of the word "champagne" from the its label or packaging—including its absence from the ingredients list—which would serve to dispel any alleged ambiguity. *See Sarr*, 2020 WL 729883, at *5 (granting motion to dismiss GBL §§ 349 and 350 claims with prejudice where a product's ingredient list confirmed allegedly ambiguous representations on the front label); *Warren*, 2023 WL 3055196, at *4 (granting motion for judgment on the pleadings and denying leave to amend where "the Product's labeling does not refer to it as a cocktail or state that it contains tequila, nor does it describe the drink solely as any kind of Margarita . . . . Rather, the Product's label uses 'Margarita' as a modifier of the term 'hard seltzer,' without any reference to cocktails or tequila.").

---

[9] The Second Circuit's decision in *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018) does not change the analysis here, because "post-*Mantikas*, [courts in the Second Circuit] continue[] to consider the context in 'determining whether a reasonable consumer would have been misled by a particular advertisement.'" *Engram v. GSK Consumer Healthcare Holdings (US) Inc.*, 2021 WL 4502439, at *4 (E.D.N.Y. Sept. 30, 2021) (SS) (citation omitted). *See also, e.g.*, *Foster*, 2023 WL 1766167, at *3 (dismissing complaint with prejudice and noting that "[s]ince *Mantikas*, . . . district courts within the Second Circuit have continued to recognize that 'clarification can defeat [a] claim' for deceptive packaging if a font label contains an ambiguous representation, whereas *Mantikas* held that clarification cannot correct an *unambiguously* misleading representation" (citation omitted; emphasis in original)).

CHIACTIVE-18810924.1

It is well established that "consumers who interpret ambiguous statements in an unnatural or debatable manner do so unreasonably if an ingredient label would set them straight." *Warren v. Whole Foods Mkt. Grp., Inc.*, 574 F. Supp. 3d 102, 117 (E.D.N.Y. 2021) (SS) (internal quotation marks and citation omitted); *see also Devane v. L'Oréal USA, Inc.*, 2020 WL 5518484, at *4 (S.D.N.Y. Sept. 14, 2020) ("[I]t is not reasonable to assume that a product contains a certain ingredient when it is not listed in the ingredient list." (citing *Jessani v. Monini N. Am., Inc.*, 744 Fed. Appx. 18 (2d Cir. 2018)). Indeed, courts in this circuit regularly dismiss deceptive labeling claims where a product's ingredient list clarifies an alleged ambiguity on its front label. *See, e.g.*, *Jessani*, 744 Fed. Appx. at 19 (affirming dismissal of deceptive labeling claim alleging truffle-flavored olive oil misled consumers to believe that it contained real truffle, and reasoning that "the product's ingredient list contains no reference to the word 'truffle'"); *Angeles v. Nestlé USA, Inc.*, 632 F. Supp. 3d 309, 316 (S.D.N.Y. 2022) (SS) (dismissing case and denying leave to amend, finding that use of phrase "Lemon & Lemon Zest" indicated flavor of sparkling water, the absence of which was confirmed by the ingredient list).

*Rivas v. Hershey Co.*, 2020 WL 4287272 (E.D.N.Y. July 27, 2020) (SS), concerning "Kit Kat White" candy bars, and *Winston v. Hershey Co.*, 2020 WL 8025385 (E.D.N.Y. Oct. 26, 2020), concerning "Reese's White" peanut butter cups, are instructive. In both of these cases, plaintiffs claimed that they were misled by the word "white" on the products' labels and in the products' marketing to believe that the products contained white chocolate, which they did not. *See Rivas*, 2020 WL 4287272, at *1; *Winston*, 2020 WL 8025385, at *1. However, in each case, this Court found that such an interpretation was unreasonable in light of the absence of the word "chocolate" from the products' labels, ingredient lists, and marketing. *See Rivas*, 2020 WL 4287272, at *5 (holding that "Plaintiff's complaint alleges no plausible facts that the presence of the word 'white'

CHIACTIVE-18810924.1

on the package [of the product] gives rise to a plausible claim that consumers would be misled into believing that chocolate was an ingredient," and reasoning that "[c]rucially, there is no statement anywhere on Kit Kat White's packaging, or in any Hershey advertisement cited by Plaintiff, that describes the product as containing white chocolate"); *Winston*, 2020 WL 8025385, at *1 (finding it "implausible beyond genuine dispute that a reasonable consumer acting reasonably under the circumstances would be misled into believing that the product contains white chocolate" where a "towering obstacle to the plausibility of plaintiff's claim [was that] the packaging include[d] no reference whatsoever to the word 'chocolate'"). Accordingly, this Court dismissed both complaints in their entirety. *See Rivas*, 2020 WL 4287272, at *6 (dismissing with prejudice); *Winston*, 2020 WL 8025385, at *7 (denying leave to amend as "futile"). Similarly, the *Warren* court granted that defendant's motion for judgment on the pleadings and denied plaintiff leave to amend where "the ingredient list confirm[ed] what the absence of the word 'tequila' on the label suggest[ed] – that the [Margarita Hard Seltzer] d[id] not contain it." *Warren*, 2023 WL 3055196, at *7.

Here, Plaintiff admits that champagne is not listed as an ingredient in the ingredients list. Compl. ¶ 22 ("[T]he fine print ingredient list reveals the only bubbly liquid it contains is not champagne but 'Sparkling Water.'"). The inquiry should end here, as this conspicuous absence would tip off any reasonable consumer, acting reasonably under the circumstances, that the product does not contain champagne, and Plaintiff cannot plausibly claim otherwise. *See Winston*, 2020 WL 8025385, at *4 (dismissing GBL §§ 349 and 350 claim and denying leave to amend where "as plaintiff admits, a glance at the ingredient list confirms that the product does *not* contain [the ingredient at issue]" (emphasis in original)).

To avoid this result, Plaintiff alleges that the ingredient list's use of the word "alcohol" is misleading because it does not identify the source of the alcohol as from "sugar or another

CHIACTIVE-18810924.1

fermentable source" as opposed to champagne. *See* Compl. ¶ 23. However, the *Warren* court rejected this same argument. The Court held that no reasonable consumer would understand the product to contain tequila because, looking at the product's label as a whole, tequila was not referenced anywhere, and the "context provided by the Product's front label ma[de] clear that it is a 'hard seltzer,' not a ready-to-drink cocktail containing tequila." *Warren*, 2023 WL 3055196, at *7. The result can be no different here.

Further, Plaintiff's allegations that the statement "Made With Real Orange Juice" and the images of oranges on the product's packaging contributed to her expectation that the product would contain champagne are unavailing and do not change the analysis. Compl. ¶¶ 59, 75. If anything, this reveals the fallacy in her position. The label of this product displays the image of oranges because the product does, in fact, contain orange juice. There are no pictures of champagne bottles or similar representations of sparkling wine anywhere on the packaging. The juxtaposition of the presence of one ingredient—orange juice—with the absence of the other—champagne— should make it clearer that the product does not in fact contain champagne.

In sum, there should be no ambiguity in the imagery that the Vizzy Mimosa Hard Seltzer contains no champagne. However, even if such an ambiguity could be found, the remaining available information on the label dispels any such notion.

## IV.   PLAINTIFF HAS FAILED TO STATE CLAIMS FOR BREACH OF EXPRESS WARRANTY AND UNJUST ENRICHMENT

### A.   Plaintiff's Remaining Common Law Claims Fail Because They Are Predicated On The Same Flawed Theories Of Liability As Her GBL Claims.

Plaintiff's breach of express warranty and unjust enrichment claims are predicated on the same failed theories of liability as her GBL claims. *See, e.g.*, Compl. ¶¶ 85-86 (express warranty), 93-94 (unjust enrichment). As a result, they are similarly doomed. *See, e.g.*, *Geffner*, 928 F.3d at 201 (affirming dismissal of plaintiffs' remaining claims "[b]ecause Plaintiffs ha[d] failed plausibly

21

to allege a misleading statement, [and therefore] each of their proposed causes-of-action lack[ed] a necessary element"); *Garadi*, 2021 WL 2843137, at *4 (dismissing express warranty and unjust enrichment claims where they were "all premised on the groundless assertion that defendant's label [was] materially misleading"); *Warren*, 2023 WL 3055196, at *8 (dismissing express warranty and unjust enrichment claims and denying leave to amend because "[t]hese claims [were] all premised on the assertion that Defendant's labeling [was] materially misleading" and the court had "already determined that Plaintiff ha[d] not plausibly alleged that the Product's labeling would be likely to deceive or mislead a reasonable consumer").

### B. Plaintiff's Express Warranty Claim Fails For Additional Reasons.

#### 1. Plaintiff Has Failed To Adequately Plead Her Express Warranty Claim.

An express warranty is an "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." N.Y. U.C.C. Law § 2-313(1)(a). Therefore, "[t]o properly plead breach of an express warranty under New York law, plaintiff must allege 'an affirmation of fact or promise by the seller, the natural tendency of which was to induce the buyer to purchase[.]'" *Winston*, 2020 WL 8025385, at *6 (citation omitted).

Here, Plaintiff alleges that through its labeling and marketing, Molson Coors "expressly warranted to Plaintiff and class members that [the Product] contained champagne" by "describ[ing] the Product so Plaintiff and class members believed it contained champagne." Compl. ¶¶ 82, 86. "While no formal wording is necessary to create an express warranty, there must be a representation of fact or specific promise about the product, rather than an expression of opinion." *Warren*, 2023 WL 3055196, at *9 (citation omitted). For the same reasons explained above, there is no indication on the product's packaging or in its marketing—express or otherwise—that the Vizzy Mimosa Hard Seltzer contains champagne. Plaintiff has therefore failed

22

to plausibly allege her express warranty claim. *See, e.g. Winston*, 2020 WL 8025385, at *6 (dismissing claims and denying leave to amend where "the thrust of plaintiff's [express warranty] claim . . . is that defendant warranted via the product's packaging that the product contained white chocolate when it in fact did not. There is, of course, no such express warranty on the product's packaging."); *Angeles*, 632 F. Supp. 3d at 317 (dismissing complaint and denying leave to amend, reasoning that "[b]ecause Plaintiff has failed to plausibly allege that the Product does not comport with the statements contained on the label, [the express warranty] claim fails.").

### 2.     Plaintiff Failed To Provide Required Pre-Suit Notice.

To state a breach of express warranty claim in New York, a plaintiff must, "within a reasonable amount of time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy.'" N.Y. U.C.C. Law § 2-607(3)(a). Plaintiff alleges that she "provided or will provide" such notice; that the Complaint provides such notice; and that Molson Coors "should have been aware of these issues due to complaints by [unspecified] third parties." Compl. ¶¶ 88-90. Such allegations are insufficient to meet the requirements of N.Y. U.C.C. Law § 2-607(3)(a). *See Reyes v. Upfield US Inc.*, 2023 WL 6276685, at *11 n.3 (S.D.N.Y. Sept. 26, 2023) (SS) (granting dismissal of breach of express warranty claim for failure to provide required notice; noting that Plaintiff's counsel "has raised this wholly insufficient claim in five other cases within the last two years"; and putting "Plaintiff's counsel [] on notice that the Court will not allow continued attempts to make this argument contrary to prevailing law"); *Dwyer v. Allbirds, Inc.*, 598 F. Supp. 3d. 137, 155 (S.D.N.Y. 2022) (SS) (granting motion to dismiss express warranty claim brought by Plaintiff's counsel with near identical allegations regarding notice); *Gordon*, 2022 WL 836773, at *14 (holding identical language to be "insufficient to avoid

dismissal"). For these additional reasons, Plaintiff's breach of express warranty claim cannot stand and must be dismissed.

### C. Plaintiff's Unjust Enrichment Claim Fails Because It Is Duplicative.

Plaintiff's unjust enrichment claim should be dismissed because it "simply duplicates" her other claims. *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012). "Unjust enrichment is an equitable remedy, available 'only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff.'" *Winston*, 2020 WL 8025385, at *6 (citation omitted). Where a claim for unjust enrichment "simply duplicates, or replaces, a conventional contract or tort claim," it cannot survive a motion to dismiss. *Corsello v. Verizon N.Y., Inc.*, 967 N.E. 1177, 1185 (N.Y. 2012). *See also, e.g.*, *Winston*, 2020 WL 8025385, at *6 ("[U]njust enrichment claims should be dismissed where the violative conduct alleged is conterminous with a conventional tort or contract claim, regardless of whether the tort or contract claim is dismissed." (internal quotation marks and citation omitted)); *Warren*, 2023 WL 3055196, at *10 ("Courts will routinely dismiss an unjust enrichment claim that 'simply duplicates, or replaces, a conventional contract or tort claim.'" (citation omitted)). "[C]laims are duplicative of one another if they 'arise from the same facts and do not allege distinct damages.'" *Gordon*, 2022 WL 836773, at *18 (citation omitted). Thus, "where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action," such claims must be dismissed. *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017).

Here, Plaintiff's unjust enrichment claim is two paragraphs long. The first paragraph incorporates previous allegations, and the second states only that "Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and

impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits." Compl. ¶¶ 93-94. Plaintiff's claim for unjust enrichment claim is thus premised on the same factual allegations as her GBL and express warranty claims. This Court should therefore follow other courts in this circuit that have repeatedly dismissed identical unjust enrichment claims brought by Plaintiff's counsel, for failure to state a claim. *See, e.g.*, *Winston*, 2020 WL 8025385, at *7 ("Plaintiff fails to show how this claim is not purely duplicative of his other claims, and, in any event, plaintiff's boiler-plate allegation does nothing to suggest that the circumstances here created an equitable obligation running from defendant to plaintiff."); *Reyes*, 2023 WL 6276685, at *13 (dismissing unjust enrichment claim where it was "premised on the same factual allegations supporting Plaintiff's other claims, and Plaintiff [did] not allege[] distinct damages with respect to this claim" (referring to No. 7:22-cv-06722 (KMK), Dkt. No. 1, at ¶ 106 (S.D.N.Y. Aug. 8, 2022))).

## CONCLUSION

For the reasons stated herein, Plaintiff's Complaint should be dismissed with prejudice.

Dated: January 2, 2024

Respectfully submitted,

_/s/ Jason Stiehl_

CROWELL & MORING LLP
Jason Stiehl (*pro hac vice*)
455 N Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
(312) 321-4200
JStiehl@crowell.com

Valerie M. Goo (*pro hac vice forthcoming*)
Raija Horstman (*pro hac vice*)
515 Flower Street, 40th Floor
Los Angeles, CA 90071
(213) 622-4750
VGoo@crowell.com

CHIACTIVE-18810924.1

RHorstman@crowell.com

Jamie M. Zeevi
Two Manhattan West
375 9th Avenue
New York, NY  10001
(212) 223-4000
JZeevi@crowell.com

*Counsel for Molson Coors Beverage*
*Company USA, LLC*

26